Commonwealth *v.* Tyson, Appellant.

Submitted June 10, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alvin Lecot Tyson,* appellant, in propria persona.

*Bertram S. Murphy,* First Assistant District Attorney, and *Paul W. Reeder,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 12, 1963:

This is an appeal taken and submitted to us by Alvin Lecot Tyson, one of the defendants, without counsel, from a judgment of sentence for the crimes of armed robbery, larceny of a motor vehicle, and violating the Uniform Firearms Act. Appellant was represented by counsel throughout the proceedings in the lower court until shortly before the argument of his motions for a new trial and in arrest of judgment, at which point his counsel, Martin M. Fine, Esq., withdrew from the case. Thereafter he refused the court's offer to appoint new counsel for him and gave as the reason for his refusal, "that he desired to argue the

case himself." On the refusal of his motions he filed this appeal, and in doing so he was relieved of payment of the usual filing fees, and was supplied with a copy of the testimony which he has not been required to print.

The matter is now before us on briefs submitted by both appellant and appellee. There were no oral arguments.

The reasons assigned by counsel for appellant in support of the motions before the lower court for a new trial and judgment n.o.v. may be grouped as follows: (1) there was a variance between the indictment and the evidence; (2) the evidence was insufficient to sustain the verdict; (3) the verdict was contrary to and against the weight of the evidence; (4) the court erred in not granting his motion for a demurrer and binding instructions in his favor; and (5) Tony Cillo, a defense witness, was not permitted to testify.

In this appeal appellant lists the following assignments of error:

(a) The lower court erred in failing to grant the motions of his case at No. 216 May Term, 1962.

(b) The lower court erred in prosecuting appellant when he had not been identified as the alleged offender.

(c) The lower court erred in admitting the private property of appellant as evidence at the trial.

(d) The lower court erred in failing to grant appellant's motion for a new trial.

The matter of Tony Cillo's evidence and the question of variance is not pressed in this appeal. The only issues before us are the sufficiency of the evidence to support the verdicts of guilty returned by the jury, and the admission of the appellant's private property into evidence.

After a careful examination of the testimony, we find no merit in this appeal. Appellant was definitely

identified by William C. Mundrick, Jr., the attendant at the Sunoco Gas Station which was robbed, as one of the persons having robbed it with a revolver. This witness also testified that money had been taken by the robbers and he identified a peculiar coin found in the possession of the robbers as one that had been stolen. Further, appellant and his companion, when apprehended, were in possession of a car proven to have been stolen. Most of appellant's argument relates to things the Commonwealth did *not* prove. However, we are of the opinion that enough was proven, including appellant's identity, to justify the verdicts of guilty on all charges.

As to the matter of admitting into evidence private property of appellant, this was not raised below and should not be considered by us now. Matters not raised by proper post-conviction motions or considered by the court below may not be invoked on appeal. *Commonwealth v. Dalton,* 199 Pa. Superior Ct. 388, 185 A. 2d 653. However, to assure appellant of the fairness of his trial and subsequent proceedings, we have explored this question and find no merit in his complaint. What he refers to are items found in his possession at the time of his arrest, specifically, a wire coat hanger, a 38 caliber revolver, a steak knife, and a Japanese throwing knife. This evidence was merely incidental to the arrest and properly admissible. Furthermore, no objection was made by appellant's counsel when these exhibits were offered into evidence.

Appellant's claim that these items are his private property may be disposed of by the lower court. They are exhibits and, as such, are under the supervision of the lower court. If appellant is entitled to their return, he may petition that court to secure them.

Judgment of sentence affirmed.